UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

ALSTOM POWER, INC.,

    Plaintiff,

v.                                                                                  Civil Action No. 3:15cv174

JOSEPH DONALD GRAHAM,

    Defendant.

## MEMORANDUM OPINION

This matter comes before the Court on the Motion for Leave to Issue Discovery ("Motion for Leave") filed by Plaintiff Alstom Power, Inc. ("Alstom Power"). (ECF No. 6.) Defendant Joseph Donald Graham did not file a response, and the time to do so has expired. The matter is ripe for disposition. The Court dispenses with oral argument because the materials before the Court adequately present the facts and legal contentions, and argument would not aid the decisional process. For the reasons that follow, the Court will grant in part the Motion for Leave to allow Alstom Power to conduct limited discovery as to damages. (ECF No. 6.)

### I. Procedural and Factual Background[1]

On March 20, 2015, Alstom Power filed its Complaint, alleging misappropriation of trade secrets in violation of the Virginia Trade Secrets Act, Va. Code Ann. §§ 59.1-336 to -343 (West 2015), breach of contract, and breach of the fiduciary duty of loyalty. (ECF No. 1.) Graham failed to file a responsive pleading in accordance with Federal Rule of Civil

---

[1] The Court limits its recitation of the factual background of this case to the facts relevant to the Motion for Leave. Were the Court to consider a motion for default judgment, more facts would be pertinent.

Procedure 12(a)(1)(A)(i).[2] (*See* ECF No. 3.) The Clerk entered default against Graham pursuant to Federal Rule of Civil Procedure 55(a).[3] (ECF No. 5.) Alstom Power now prepares to file a motion for default judgment. (Mot. Leave 1, ECF No. 6.) In so doing, it filed the Motion for Leave to conduct discovery to allow it to "assess the scope and effect" of Graham's alleged acts. (Mem. Supp. Mot. 2, ECF No. 7.) Accordingly, in the Court's analysis of the Motion for Leave, it must briefly examine the principles underlying both default judgments and discovery.

## II. Analysis

### A. The Court's Responsibility on Default Judgment

The Court may grant default judgment when the well-pleaded allegations in the complaint support the relief sought by the plaintiff. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). The United States Court of Appeals for the Fourth Circuit has a "strong policy that cases be decided on the merits." *Labuda v. SEF Stainless Steel, Inc.*, No. RDB-11-1078, 2012 WL 1899417, at *1 (D. Md. May 23, 2012) (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)). However, the Court[4] should grant default judgment "when the adversary process has been halted because of an essentially unresponsive party." *Id.* at *1 (citing *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005)).

---

[2] Rule 12(a)(1)(A)(i) states, in pertinent part: "Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows: **(A)** A defendant must serve an answer: **(i)** within 21 days after being served with the summons and complaint . . . ." Fed. R. Civ. P. 12(a)(1)(A)(i).

[3] Rule 55(a) states in full: "**(a) Entering a Default.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

[4] When a complaint demands a "sum certain or a sum that can be made certain by computation," the Clerk must enter default judgment. Fed. R. Civ. R. 55(b)(1). However, when damages are unliquidated, the Court must consider the motion for default judgment. *Id.* 55(b)(2).

In its examination of a motion for default judgment, the Court deems admitted the plaintiff's "well-pleaded allegations of fact." *Ryan*, 253 F.3d at 780. However, the Court does not automatically deem admitted the amount of damages. Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *see also Ryan*, 253 F.3d at 780–81. Thus, the Court "may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to: **(A)** conduct an accounting; [or,] **(B)** determine the amount of damages." Fed. R. Civ. P. 55(b)(2)(A)–(B). When a complaint does not specify the amount of monetary damages, the Court must "make an independent determination of the sum to be awarded." *Labuda*, 2012 WL 1899417, at *2 (citing *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001)).

In this case, Alstom Power did not plead a "sum certain" in its Complaint. (*See* Compl. 10–11.) Indeed, as Alstom Power avers, it cannot evaluate the extent of the damages until some discovery takes place. (Mem. Supp. Mot. 2.) Accordingly, pursuant to Rule 55(b)(2), the Court will have to consider Alstom Power's eventual motion for default judgment and determine whether the allegations support the relief sought by Alstom Power. *Ryan*, 253 F.3d at 780. In so doing, the Court will look to each cause of action pled to determine whether the Complaint and any evidence presented show facts sufficient to fulfill each element.

First, in order to prevail on its claim of misappropriation of trade secrets pursuant to the Virginia Uniform Trade Secrets Act ("VUTSA"), Alstom Power must show (1) the existence of a trade secret; and, (2) its misappropriation by the defendant. *JTH Tax, Inc. v. Knight*, No. 2:13cv583, 2014 WL 1050905, at *11 (E.D. Va. Mar. 17, 2014) (citing *Preferred Sys. Sols., Inc. v. GP Consulting, LLC*, 732 S.E.2d 676, 688–89 (Va. 2012)). Second, to succeed on its claim for breach of contract, Alstom Power will have to demonstrate (1) a legally enforceable obligation of

3

a defendant to a plaintiff; (2) defendant's violation or breach of the obligation; and, (3) injury or harm caused by the defendant's breach. *Filak v. George*, 594 S.E.2d 610, 614 (Va. 2004). Finally, to establish Alstom Power's breach of fiduciary duty of loyalty claim, it must show (1) the existence of a duty; (2) a breach of the duty; and, (3) damages proximately caused by that breach. *St. Paul Fire and Marine Ins. Co. v. Hoskins*, No. 5:10cv87, 2012 WL 748574, at *5 (W.D. Va. Mar. 7, 2012) (citing *Carstensen v. Chrisland Corp.*, 442 S.E.2d 660, 666 (Va. 1994)). This overview of the Court's responsibility when considering motions for default judgment informs its analysis of the Motion for Leave.

### B. Discovery

Federal Rule of Civil Procedure 26 governs the scope and timing of discovery in civil cases. Pursuant to Federal Rule of Civil Procedure 26(d)(1), a party "may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," unless exempted by rules not relevant here "or by court order." Fed. R. Civ. P. 26(d)(1). Here, because Graham has defaulted, the parties have not conferred as required by Rule 26(f). Accordingly, unless this Court allows Alstom Power to conduct discovery, none can be sought.

The Court has "broad discretion" to supervise discovery. *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396 (4th Cir. 2014). This latitude extends to allowing discovery in the absence of a Rule 26(f) conference. *See* Fed. R. Civ. P. 26(d)(1) (allowing a party to conduct discovery prior to a Rule 26(f) conference if ordered by the court). Courts have allowed, albeit without extensive analysis, discovery following entry of default but prior to entry of a default judgment. *See, e.g., Clockwork IP, LLC v. Aladdin One Hour HVAC, Inc.*, No. 2:12cv1532, 2015 WL 2450195, at *2 (D. Nev. May 22, 2015) (noting that the court had previously granted plaintiffs' ex parte motion to conduct "[d]amages [d]iscovery" against a defaulted defendant);

4

*Zero Down Supply Chain Sols., Inc. v. Glob. Transp. Sols., Inc.*, No. 2:07cv400, 2012 WL 4925368, at *1–2 (D. Utah Oct. 16, 2012) (allowing defendants in default to conduct limited discovery as to the extent, but not the cause, of damages claimed by the plaintiff); *Advantage Media Grp. v. Debnam*, No. 1:10cv95, 2011 WL 2413408, at *1 (M.D.N.C. June 10, 2011) (noting that the court had previously declined to enter a default judgment until after plaintiffs had engaged in discovery on damages); *Clague v. Bednarski*, 105 F.R.D. 552, 552 (E.D.N.Y. 1985) (allowing a defendant in default the opportunity to engage in discovery as to plaintiff's claimed damages). *But see Ixotic AG v. Kammer*, No. 09cv4345, 2010 WL 2734408, at *1 (E.D.N.Y. July 8, 2010) (denying plaintiffs' motion to seek post-default discovery until after entry of default judgment because most of plaintiff's damages were sufficiently liquidated).

Here, allowing discovery before the filing of a motion for default judgment best serves judicial economy because, in order to prevail on such a motion, Alstom Power will need to show damages for two of its three counts: breach of contract and breach of fiduciary duty of loyalty. *See Filak*, 594 S.E.2d at 614; *St. Paul Fire*, 2012 WL 748574, at *5. Were Alstom Power proceeding solely on claims that did not require proof of damages, discovery might appropriately be withheld until after entry of default judgment as to liability.[5] *See, e.g., DirecTV, Inc. v. Guzzi*,

---

[5] Indeed, courts regularly conduct such a bifurcated approach. For instance, courts often consider default judgment as to liability separately from default judgment as to damages when the damages are unliquidated. *See, e.g., Allison v. Eco-Tech/RAM-Q Indus., Inc.*, 993 F.2d 1535, 1993 WL 177804, at *1 (4th Cir. 1993) (unpublished table decision) (noting that defendant had appealed both "the default judgment as to liability" and "the damages award" for default judgment on breach of contract); *U.S. for the Use of M-CO Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987) ("A default judgment is a judgment on the merits that conclusively establishes the defendant's liability. But it does not establish the amount of damages."); *Fin. Pac. Leasing, Inc. v. Blackwater Transp., Inc.*, No. 2:14cv134, 2015 WL 403993, at *2 (E.D. Va. Jan. 28, 2015) (discussing in a default judgment on breach of contract claims the importance of "making an independent determination regarding damages" only after first determining the defaulted defendant's liability); *Labuda*, 2012 WL 1899417, at *2 ("If the court finds that liability is established, it must then turn to the determination of damages.");

308 F. Supp. 2d 788, 790–91 (E.D. Mich. 2004) (granting motion for default judgment as to liability only and ordering limited discovery "with respect to the amount of damages and attorney fees to be assessed" against defendants in default); *cf. Autopartsource, LLC v. Bruton*, No. 3:13cv54, 2013 WL 3766524, at *3 (E.D. Va. July 16, 2013) (when assessing VUTSA claim, finding liability but separately ordering an evidentiary hearing as to damages before entering default judgment). However, because Alstom Power will have to make the appropriate showing of damages in its eventual motion for default judgment, some limited discovery should be permitted before the motion is filed.

Graham's total lack of response in this case has "halted" the adversary process. *See Labuda*, 2012 WL 1899417, at *1. Accordingly, this Court will exercise its discretion and grant, in part, the Motion for Leave in order to allow Alstom Power to engage in discovery limited to ascertaining the existence and amount of damages for its three causes of action. *See Guzzi*, 308 F. Supp. 2d at 790–91. (ECF No. 6.)

### III. Conclusion

Accordingly, in the interest of justice and finding it appropriate to do so, the Court grants in part Alstom Power's Motion for Leave. (ECF No. 6.) Alstom Power may engage in discovery limited to the existence and amount of damages for its three causes of action.

An appropriate Order shall issue.

/s/  
M. Hannah Lauck  
United States District Judge

Richmond, Virginia  
Date: 1/27/16

---

*O.T.S. Logistics, Inc. v. Maestri Pastai, Inc.*, No. 09cv1406, 2010 WL 772745, at *1–2, *3 n.3 (E.D.N.Y. Mar. 4, 2010) ("The . . . court previously entered a default judgment in this case, and thus the only issue remaining is the amount of damages owed, if any, to the plaintiff.").